UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL BOLAND,

                 Plaintiff,

v.                                                                            9:07-CV-0509
                                                                           (GLS/GHL)

DAVID HARDER, Sheriff;
MARK W. SMOLINSKI, Jail Administrator;
LARRY KOZINA, Corrections Officer;
PATRICIA KLEINSMITH, Investigation Officer;
WILLIAM KRAMER, Hearing/Grievance Officer;
NANCY ANN MYERS, Law Librarian;
DAVID WATKINS, Registered Nurse; and
MICHELLE PARSONS, Registered Nurse,

                 Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

DANIEL BOLAND
  Plaintiff, *Pro Se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

BROOME COUNTY ATTORNEY'S OFFICE          AARON J. MARCUS, ESQ.
  Counsel for Defendants Harder, Smolinski,
  Kozina, Kleinsmith, Kramer, and Myers
P.O. Box 1766
Binghamton, NY 13902-1766

LEVENE, GOULDIN LAW FIRM                    MARIA E. LISI-MURRAY, ESQ.
  Counsel for Defendants Watkins and Parsons
450 Plaza Drive
Vestal, NY 13850

GEORGE H. LOWE, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

This *pro se* prisoner civil rights action has been referred to me by the Honorable Gary L. Sharpe, United States District Judge, to hear and determine any pretrial matters therein, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Local Rules of Practice for this Court.  On March 5, 2008, Attorney Maria E. Lisi-Murray (counsel for Defendants Watkins and Parsons) notified the Court of her inability, and the inability of Attorney Aaron J. Marcus (counsel for the remaining Defendants), to communicate with Plaintiff due to the fact that he had been released from the Broome County Correctional Facility in October of 2007.  (Dkt. No. 23.)  As a result of this inability to communicate, Attorneys Lisi-Murray and Marcus requested that the Court (1) schedule a teleconference regarding how to comply with discovery deadline set forth in the Pre-Trial Scheduling Order (Dkt. No. 12), (2) extend the discovery deadline, and (3) provide defense counsel with the forwarding address of Plaintiff.  For the reasons set forth below, I grant in part and deny in part Defendants' requests, and I recommend that the Court *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute the action, pursuant to Fed. R. Civ. P. 41(b).

**I.     ORDER ON DEFENDANTS' REQUESTS**

Taking Defendants' three requests out of order, I grant in part and deny in part their request for an extension of the discovery deadline pending the Court's final Order with regard to my recommendation of dismissal, made below in Part II of this Order and Report-Recommendation.  Specifically, I direct that the deadlines set forth in the Court's Pretrial Scheduling Order of October 9, 2007 (Dkt. No. 12), be stayed pending the Court's issuance of the final Order referenced in the preceding sentence.  Should the Court decline to adopt my recommendation of dismissal, the deadlines will be reset upon the prompt filing of a letter

request by counsel, proposing new pre-trial deadlines, and/or the prompt filing of a request for a teleconference with the Court regarding those deadlines.

I deny Defendants' request that the Court provide defense counsel with the forwarding address of Plaintiff. The Court is not in possession of that information. Nor do I believe that it would be appropriate, generally, for the Court to conduct an independent investigation for such information (other than to take judicial notice of the inmates named "Daniel Boland" listed on the New York State Department of Correctional Services' website, under its "Inmate Lookup Service"–none of whom appear to be the Plaintiff in this action).

Finally, I deny as moot Defendants' request to schedule a teleconference regarding the pre-trial deadlines in this action since I believe that the issues raised in their letter have been sufficiently addressed in this Order and Report-Recommendation. If counsel disagree, they are welcome to file a second request for a teleconference.

## II.     RECOMMENDATION OF DISMISSAL

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b).[1] As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two

---

[1] Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Fed. R. Civ. P. 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as a re just . . . .").

independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

With regard to the first ground for dismissal (a failure to prosecute the action), the Second Circuit has held that it is within the trial judge's sound discretion to dismiss for want of prosecution.[2] Furthermore, the Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Fed. R. Civ. P. 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[3]

As a general rule, no single one of these five factors is dispositive.[4]

Here, I find that these five factors weigh decidedly in favor of dismissal. With regard to the first factor, I find that the duration of Plaintiff's failures is approximately five months. Apparently, Plaintiff was released from the Broome County Correctional Facility in October of 2007, without providing the Facility or defense counsel with a forwarding address. (Dkt. No. 23.) He certainly has not provided the Court with a forwarding address. (*See generally* Docket

---

[2] *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

[3] *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Fed. R. Civ. P. 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

[4] *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

Sheet.)  The last action he took in the case appears to have been on September 20, 2007, when he signed two "USM-285 Forms" to enable service of process on William Kramer and David Watkins–which were returned as unexecuted due to the fact that Plaintiff provided the incorrect address for Mr. Kramer and Mr. Watkins.  (Dkt. Nos. 17, 20.)  (Plaintiff's last filing in this action occurred on June 28, 2007.  *See* Dkt. No. 5.)  I note that Local Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

With regard to the second factor, I find that Plaintiff has received adequate notice that the sort of five-month delay that he has caused in this action (due to his failure to provide an accurate current address) would result in dismissal.  The Court's Order of July 6, 2007, specifically advised Plaintiff that he "**must promptly notify the Clerk's Office of any change in his address; his failure to do so will result in the dismissal of this action**."  (Dkt. No. 6, at 3 [emphasis in original].)  Plaintiff was similarly advised of his duty to "comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action," such as two correctly completed USM-285 Forms to enable service of process on William Kramer and David Watkins–documents that, again, Plaintiff has failed to provide.  (Dkt. Nos. 17, 20.)  In addition, the Local Rules of Practice for this Court, which the Clerk's Office has provided to all correctional facilities in New York State, contains similar notifications.  N.D.N.Y. L.R. 10.1(b)(2), 41.2(a),(b).

With regard to the third factor, I find that Defendants are likely to be prejudiced by a further delay.  Defendants have been waiting to serve discovery demands on Plaintiff, and/or depose him, since October of 2007.  (Dkt. No. 23.)  Further delay by Plaintiff may very well

result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[5] It is unclear that William Kramer and David Watkins have even been served with process in this action.

With regard to the fourth factor, I have taken care to strike the balance between alleviating Court calendar congestion and protecting a party's right to due process and a fair chance to be heard. I find that the need to alleviate congestion on the Court's docket [6] outweighs Plaintiff's right to receive a further chance to be heard in this matter. I am fully aware of Plaintiff's right to be heard on the civil rights claims he has presented. However, I am also aware that (1) Plaintiff has already had an opportunity to be heard for ten months in this action, and (2) the Court has (up until now) afforded Plaintiff special solicitude in this action due to his status as a *pro se* litigant. Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendants.

I have considered all less-drastic sanctions and rejected them under the circumstances. For example, I am persuaded that issuing an Order chastising Plaintiff for his conduct would be futile, given the fact that such an Order may very well never reach Plaintiff, due to his failure to provide a current address. I am also persuaded that simply waiting another month or so for

---

[5] *See, e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

[6] I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

Plaintiff to contact the Court would also be futile, given the fact that he has failed to contact the Court for five months now.

For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's Amended Complaint with prejudice for failure to diligently prosecute this action.

In the alternative, I find that Plaintiff's failure to comply with this Court's Order of July 6, 2007 (Dkt. No. 6, at 3) constitutes another, independent ground on which to base my recommendation of dismissal.[7]  In the interest of brevity, I will not discuss in detail my findings of fact in support of that alternative ground for dismissal.  I will only say that (1) the legal standard governing such a dismissal is virtually identical to the legal standard governing a dismissal for failure to prosecute,[8] and (2) I have weighed the five factors constituting that legal standard and find that they weigh decidedly in favor of dismissal, for the reasons stated above.  I note that a party's failure to keep the Clerk's Office apprised of his or her current address, as ordered, has been specifically held by this Court to constitute grounds for dismissal under Fed. R. Civ. P. 41(b).[9]  Finally, I note that *pro se* actions have been dismissed for failure to comply with

---

[7] Fed. R. Civ. P. 41(b) (providing that "failure of the plaintiff . . . to comply with . . . any order of the court" may subject an action to dismissal); *see also* Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as a re just . . . .").

[8] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

[9] *See Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

a court order even where the failure was for less than five months.[10]

**ACCORDINGLY**, for the reasons stated above, it is

**ORDERED** that Defendants' requests (Dkt. No. 23) are **GRANTED in part and DENIED in part**, in accordance with Part I of this Order and Report-Recommendation; and it is further

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 5) be *sua sponte* **DISMISSED with prejudice** for failure to prosecute and/or for failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing Report-Recommendation. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 11, 2008
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[10] *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (plaintiff had failed to comply with order directing him to answer interrogatories for more than four months).